(q)



# THE ATTORNEY GENERAL
## OF TEXAS

Jerald C. Mann
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

/Overruled by O-5935 in so far as it conflicts/

Mr. G. A. Wight
Chief Accountant
Board of County and District
Road Indebtedness
Austin, Texas

Dear Sir:

Opinion No. 0-1942
Re: The date upon which certain bonds the proceeds of which were expended in the construction of roads may become eligible for participation in County and Road District Highway Funds.

We acknowledge receipt of your request for an opinion as to the date upon which certain bonds described in your communication become eligible for participation in the County and Road District Highway Funds.

You have enclosed therewith excerpts from the minutes of the Highway Commission reflecting twelve actions taken by that Commission from time to time extending over a period of approximately fourteen (14) years, all of which have for their subject just two roads, namely, Highways Numbers 103 and 191. These minutes do not reveal that the Highway Commission has ever formally and finally designated such roads as a part of the State Highway System. It is obvious that at the time of their adoption these minutes only conditionally designated such roads and whether or not the conditions imposed therein have ebor been complied with, we think, is a question of fact that must be decided by the Highway Commission, however, in our opinion the answer to your question does not depend solely upon the determination of these facts.

The meaning of a "designated highway" as referred to in H. B. 688, passed by the 46th Legislature, Regular Session, 1939, should solve the problem and afford the Board of County and District Road Indebtedness a basis upon which to determine the eligibility of any bonds to participate in the fund provided in that law.

First, we call your attention to Section 2, Paragraph 3 of H. B. 688, wherein the Legislature has undertaken to define expressions used throughout the Act, such Paragraph reading as follows:

"By the expression 'highways' 'state highways,' and 'state designated highways' are meant roads which prior to January 2, 1939 had become a

part of the system of designated state highways * *
* * and including roads concerning which the State
Highway Commission had prior to January 2, 1939,
indicated its intention to designate evidencing such
intention in the official records or files."

Secondly, we point out this further language appear-
ing in H. B. 688, Section 6a. We quote in part:

"All bonds, warrants or other evidences of
indebtedness heretofore issued by counties or de-
fined road districts of this state * * * insofar
as amounts of same were issued for and the proceeds
have been actually expended in the construction of
roads that constituted and comprised a part of the
system of designated state highways on September 17,
1932, or which subsequent to such date and prior to
January 2, 1939, have been designated a part of the
system of state highways * * * shall participate in
said County and Road District Highway Funds as of
the date of designation of said road as a part of
the state system * * * " (Underscoring ours).

With particular emphasis being laid upon the underscored phrases
of the above quotation it will be noted that the law contemplates
that only such bonds, warrants or other evidences of indebtedness
as were issued for and the proceeds actually expanded in the con-
struction of roads that definitely constitute a part of the State
Designated System of Highways shall be eligible for participation
in the Fund accruing to the Board. Webster's International Dic-
tionary defines "designate" as meaning: "to specify or set apart."
Thus it will be seen that the intention of the Legislature was
that only such roads as had been specified as a part of the State
Highway System upon which county or defined road district
funds had been expended could constitute the basis for the
participation of such obligations in the funds accruing to
the Board.

Article 6666 of Vernon's Annotated Civil Statutes
directs that the State Highway Commission shall establish and
make public proclamation of all rules and regulations for the
conduct of the work of the department as may be deemed neces-
sary, not inconsistent with the law. We have inquired of the
Highway Department as to the existence of such rules and regula-
tions and have been informed that no formal rules and regulations
have ever been adopted by the Commission. It therefore becomes
necessary for us to arrive at some basis upon which a determina-
tion can be made as to when a road actually becomes a part of
the State System.

Article 6673 authorizes the Highway Commission to
take over and maintain the various state highways in Texas and
relieves the counties through which said highways pass from any
cost, expense or supervision of such highways. In the case of
Hall vs. Wilbarger County, 37 S. W. (2d) 1041, aff. by Com. of
Appeals, 55 S. W. (2d) 797, the Court said that: "all state high-
ways are under exclusive control and management of the State
Highway Department." It appears that when the Highway Commis-
sion takes over public roads of counties or road districts that

it becomes the duty of the Highway Commission from that date forward to maintain such road. Pursuant to the above quoted decisions the counties thereafter are divested of any control over such highways. Accordingly, thereafter such roads must be considered as a part of the designated State Highway System..

It seems that this is the only construction that can be placed upon the statutes and we are, accordingly, of the opinion that the public road of a county does not become a part of the designated State Highway System until it has been official-ly taken over by the Highway Commission reveal contingent, tempor for maintenance purposes. The minutes of the Highway Commission reveal contingent, temporary and conditional designations but we think it not unreasonable to conclude that such roads cannot become a part of the State Highway System until the terms and conditions laid down in such minutes have been complied with and that following such time as a compliance has been proven to the Highway Engineer, and the Highway Commission officially designates such road as a part of the State Highway System, any bond or other obligation is-sued, the proceeds of which were expended in the construction or purchase of right-of-way therefor can participate in the County and District Highway Fund as provided in H. B. 688. We think this is true irrespective of the apparent exception exist-ing in Paragraph 2 of Section 6a of such law, which reads as follows:

"In the event the State Highway Commission has on a date prior to January 2, 1939, indicated its intention of designating as state highways the public roads of any county or defined road district in this State and has evidenced such intention in its official records or files then the provisions of this act shall apply as if the road had actually been designated prior to January2, 1939."

It is difficult to determine exactly the intent of the Legislature in the enactment of this paragraph. We think its true meaning can be gained only by a reading of such paragraph in con-nection with the one immediately preceding it. In other words, the preceding paragraph makes eligible for participation in the County and District Highway Fund all bonds, warrants or other evidences of indebtedness, the proceeds of which actually have been expended in the construction of roads that constitute and comprise a part of the System of Designated State Highways as of the date of such designation. Therefore, in the event the State Highway Commission evidenced an intention to designate a certain road as a part of the State System upon the performance of some act and such act was in due course performed the Highway Commission then could officially designate such road as a part of the State Highway System and on the date of such designation the bonds would become eligible for participation in the County and District Highway Fund. This would be true even though the highway was not officially and formally designated until a date subsequent to January 2, 1939, but in no event could the bonds participate as of the date of the minute wherein the Highway Commission indicated its intention to designate such road upon the happening of some future event or act.

The General Laws of the 35th Legislature, Acts of

1917, page 416 to 427, for the first time in the history of the State, created a State Highway Department and in the emergency clause, we find this language:

"The imperative need of measures calculated to secure greater efficiency and durability in public road construction and greater economy in the expenditure of the large sums of public funds annually employed in road work and the fact that Texas has no Highway Department vested with power to encourage and direct the development of a system of state highways creates an emergency and an imperative public necessity for the suspension of the constitutional rule requiring bills to be read on three several days * *"

This law made it the duty of the Commission created by it to formulate rules and regulations for the purpose of correlating highways throughout the State of Texas and creating a complete State Highway System. It has been amended in some respects from time to time but generally the text of the law still contemplates that public roads of the counties and defined road districts taken in by the Commission for maintenance and operation shall be considered a part of the designated State Highway System and until such road is officially taken over by the Commission for maintenance purposes said road cannot be considered a part of such system.

You are therefore advised that in our opinion the bonds described in your communication can become eligible for participation in the County and District Highway Fund provided by H. B. 688 of the 46th Legislature, Regular Session, 1939, only upon the date that the roads officially become a part of the designated system of State Highways.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe
Assistant

APPROVED AUG. 16, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

CEC:EP:jrb

APPROVED OPINION COMMITTEE
BY R.W.F.,Chairman